**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Eric D. Harper and Erin M. Harper, h/w<br>4505 Bramer Road<br>Sodus NY, 14551<br><br>                    Plaintiffs,<br><br>          v.<br>Sky King Fireworks, Inc.<br>7350 South U.S. Highway 1<br>Port Saint Lucie, FL 34952<br>     and<br>Sky King Fireworks Group, Inc.<br>7350 South U.S. Highway 1<br>Port Saint Lucie, FL 34952<br>     and<br>Sky King Unlimited, Inc.<br>7350 South U.S. Highway 1<br>Port Saint Lucie, FL 34952<br>     and<br>Sky King Fireworks of Tioga LLC<br>17555 Route 287<br>Tioga, PA 16946<br>     and<br>3D Pyro<br><br>                    Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

**CIVIL ACTION COMPLAINT**

Plaintiffs, Eric D. Harper and Erin M. Harper, by and through their undersigned counsel, Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP, hereby file the instant Complaint and aver as follows:

1

## I.  PARTIES

1. Plaintiffs, Eric D. Harper and Erin M. Harper, are adult individuals and residents of the State of New York residing therein at 4505 Bramer Road, Sodus, New York 14551.

2. Defendant Sky King Fireworks, Inc. ("Sky King Fireworks") is a Florida corporation and/or other business entity with its principal office and place of business located at 7350 South U.S. Highway 1, Port Saint Lucie, Florida 34952.

3. Defendant Sky King Fireworks Group, Inc. ("Sky King Fireworks Group") is a Florida corporation and/or other business entity with its principal office and place of business located at 7350 South U.S. Highway 1, Port Saint Lucie, Florida 34952.

4. Defendant Sky King Unlimited, Inc. ("Sky King Unlimited") is a Florida corporation and/or other business entity with its principal office and place of business located at 7350 South U.S. Highway 1, Port Saint Lucie, Florida 34952.

5. Defendant Sky King Fireworks of Tioga, LLC ("Sky King Fireworks of Tioga") is a Florida limited liability corporation and/or other business entity with its principal office and place of business located at 17555 Route 287, Tioga, Pennsylvania 16946.

6. Defendants, Sky King Fireworks, Sky King Fireworks Group, Sky King Unlimited, and Sky King Fireworks of Tioga, market themselves as one of the nation's premier fireworks retailers with twenty storefronts and seasonal stands offering a wide selection of fireworks. Sky King operates stores throughout Pennsylvania including two locations in the Eastern District of Pennsylvania (Sky King of Easton and Sky King of Morrisville).

7. Defendants Sky King Fireworks, Sky King Fireworks Group, Sky King Unlimited, and Sky King Fireworks of Tioga shall be referred to collectively as "Sky King."

8.   Defendant, 3D Pyro, is a corporation and/or other business entity and/or fictitious name for a corporation and/or other business entity organized and existing pursuant to the laws of the People's Republic of China.

9.   Defendant Sky King holds 3D Pyro out as a manufacturer of fireworks that are sold by Sky King throughout the United States including, but not limited to, in the Commonwealth of Pennsylvania under the brand name "3D Pyro."

10.  Defendants Sky King Fireworks, Sky King Fireworks Group, Sky King Unlimited, Sky King Fireworks of Tioga, and 3D Pyro shall be referred to collectively as "Defendants."

## II.   JURISDICTION AND VENUE

11.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties to this action are citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

12.  Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b) and (d) in that Defendants conduct business in this District and Defendants are subject to personal jurisdiction in this District.

## III.  FACTS

13.  Plaintiffs incorporate herein by reference the averments in the preceding paragraphs of the Complaint as though fully set forth herein at length.

14.  On or about August 13, 2017, Eric Harper traveled to Sky King's Tioga, Pennsylvania location and purchased a box of assorted artillery shells with a reloadable mortar that was branded under the name "3D Pyro" (hereinafter, the "reloadable mortar" and/or the "product").

15. A reloadable mortar is comprised of a tube and base, which can be repeatedly loaded with artillery shell fireworks.

16. Pursuant to guidelines issued by the American Fireworks Standards Laboratory (AFSL), the base of a mortar must be made of a material that will not break or shatter during transportation, handling, or normal operations.

17. The AFSL guidelines further provide that the base must remain firmly attached to the mortar tube during transportation, handling, and normal operation.

18. Mr. Harper first used the reloadable mortar and artillery shells at his home in Sodus, New York on or about May 20, 2018.

19. Unbeknownst to Mr. Harper, the reloadable mortar was defective in design and/or manufacture such that the motor tube was not properly attached to the base in a fashion that would prevent the tube and base from separating during normal, intended and foreseeable use of the product.

20. Mr. Harper set up the reloadable mortar in his backyard on a firm surface.

21. Mr. Harper then proceeded to load an artillery shell into the reloadable mortar, ignited the artillery shell, and walked more than forty feet away from the mortar.

22. Mr. Harper suddenly and unexpectedly experienced the onset of severe pain in his left eye due to being violently struck with an artillery shell.

23. As a direct and proximate result of the defective and unreasonably dangerous design and/or manufacture of the product, the mortar tube became separated from its base and the artillery shell was projected in an unintended lateral direction at Mr. Harper.

## IV.    CAUSES OF ACTION

### COUNT I – PRODUCTS LIABILITY
### PLAINTIFFS v. ALL DEFENDANTS

24.    Plaintiffs hereby incorporate the preceding paragraphs as if the same were set forth at length.

25.    Defendants designed, manufactured, marketed, sold, and distributed the subject reloadable mortar.

26.    At all times relevant hereto, Defendants were engaged in the business of designing, fabricating, manufacturing, testing, marketing, selling, and distributing reloadable mortars for use with artillery shell fireworks.

27.    At the time Defendants designed, manufactured, tested, sold, distributed and/or placed the subject reloadable mortar into the stream of commerce, it was in a defective and unreasonably dangerous condition.

28.    The subject reloadable mortar was at all times expected by Defendants to reach, and it did in fact reach, the ultimate user and/or consumer without a substantial change in the condition in which it was designed, manufactured, sold, distributed, and/or supplied.

29.    The defective and dangerous condition of the subject reloadable mortar was unknowable and unacceptable to the average or ordinary consumer and was in such a condition that normal use was dangerous beyond the contemplation of a reasonable consumer.

30.    The risks presented by the defective and dangerous design of the subject reloadable mortar outweighed the utility of its design, such that a reasonable person would conclude that the probability and seriousness of harm arising from the product's design outweighed the burden or cost of taking precautions.

31.     The defective and dangerous design and manufacture of the subject reloadable mortar resulted in a product that was unsafe for its intended and foreseeable use, including the intended and foreseeable use of the product by Plaintiff Eric D. Harper.

32.     By designing, manufacturing, distributing, selling and/or supplying the reloadable mortar in a defective and unreasonably dangerous condition, and the failure to provide the reloadable mortar with adequate instructions, Defendants are strictly liable pursuant to §402A of the Restatement (Second) of Torts.

33.     As a direct and proximate result of the defective and dangerous design and/or manufacturer of the subject reloadable mortar, and the failure to provide the subject reloadable mortar with adequate warnings and instructions, Plaintiff Eric D. Harper suffered the injuries, damages and losses described herein.

WHEREFORE, Plaintiffs Eric D. Harper and Erin M. Harper demand judgment in their favor and against all Defendants for compensatory damages in excess of the jurisdictional limit for arbitration, together with interest and costs.

## COUNT II – NEGLIGENCE
## PLAINTIFFS v. ALL DEFENDANTS

34.     Plaintiffs hereby incorporate the preceding paragraphs as if the same were fully set forth at length.

35.     At all times relevant hereto, Defendants owed a duty to Plaintiff Eric D. Harper to provide a product that was free from defective and dangerous conditions and safe for its reasonably foreseeable and/or intended use.

36.     Defendants breached their duty to Plaintiff Eric D. Harper in the manner described herein.

37. The injuries, damages, and losses sustained by Plaintiff Eric D. Harper were caused by the negligence and carelessness of Defendants in the following particular respects:

(a) failing to provide a reasonably safe product;

(b) failing to properly design the product;

(c) failing to properly test and/or inspect the product;

(d) failing to properly manufacture the product;

(e) failing to properly evaluate the product;

(f) failing to provide adequate warnings and/or instructions;

(g) failing to provide the product with all the elements necessary to make it safe for its intended and foreseeable uses;

(h) failing to warn purchasers and users of the product's inadequate, defective and unsafe design;

(i) failing to design, test, evaluate, and manufacture the product in accordance with recommended and accepted standards applicable to similar products;

(j) failing to correct the defective design of the product despite actual knowledge that the existing design could result in serious injury and/or death to users of the product in the event of a foreseeable accident;

(k) failing to correct the defective manufacture of the product despite knowledge that the existing manufacturing process could result in serious injury and/or death to users of the product in the event of a foreseeable accident;

(l) disregarding the available information demonstrating that the design of the product created an unacceptable risk of catastrophic injury and/or death to users of the product;

(m) disregarding the available information demonstrating that the manufacture of the product created an unacceptable risk of catastrophic injury and/or death to users of the product;

(n) designing and manufacturing a reloadable mortar tube with a base that broke or shattered during normal operation;

7

      (o)      designing and manufacturing a reloadable mortar tube with a base that could become detached from the tube during normal, intended and foreseeable use; and

      (p)      failing to comply with applicable industry standards including, but not limited to, those published by the American Fireworks Standards Laboratory regarding reloadable mortars aerial shells.

38. As a direct and proximate result of the conduct of Defendants, Plaintiff Eric D. Harper suffered the injuries, damages, and losses described herein.

39. Defendants knew, or by using reasonable care would have discovered or should have discovered, the conditions that injured Plaintiff, and should have realized that the conditions involved a foreseeable and unreasonable risk of harm to Plaintiff.

40. The accident and the injuries, damages and losses suffered by Plaintiff Eric D. Harper and Erin M. Harper were caused solely by design and manufacturing defects and the conduct of the Defendants and without any negligence on the part of Plaintiffs.

41. Defendants are vicariously liable for the actions of their agents and/or employees who at all times relevant hereto, were acting in the course and scope of their employment or agency.

WHEREFORE, Plaintiffs Eric D. Harper and Erin M. Harper demand judgment in their favor and against all Defendants for compensatory damages in excess of the jurisdictional limit for arbitration, together will interest and costs.

### COUNT III – BREACH OF WARRANTY
### PLAINTIFFS v. ALL DEFENDANTS

42. Plaintiffs hereby incorporate the preceding paragraphs as if the same were fully set forth at length.

43. Defendants made representations about the character, quality, safety and/or recommended uses of the subject reloadable mortar through their website and media advertising, product packaging, and the dissemination of brochures, manuals, and pamphlets

44. Plaintiffs relied upon Defendants' representations about the character, quality, safety and/or recommended use of the subject reloadable mortar.

45. As a result of the defective and unreasonably dangerous condition of the subject reloadable mortar, including the base becoming detached and/or shattering during normal use, Defendants breached expressed warranties on which Plaintiffs relied by selling the subject reloadable mortar tube in such a condition.

46. The defective conditions that existed when the subject reloadable mortar tube was sold, which resulted from Defendants' breach of express warranties, were substantial factors in causing the serious injuries sustained by Plaintiff Eric D. Harper, and the injuries, damages and losses sustained by Plaintiff as described herein.

47. As a result of the defective and unreasonably dangerous condition of the subject reloadable mortar, including the base becoming detached and/or shattered during normal use, Defendants breached the implied warranty of merchantability on which Plaintiffs relied by selling the reloadable mortar in such a condition.

48. The defective conditions that existed when the subject reloadable mortar was sold, which resulted from Defendants' breach of the implied warranty of fitness for a particular purpose, were substantial factors in causing the serious injuries sustained by Plaintiff Eric D. Harper.

49.     The accident and the injuries, damages and losses suffered by Plaintiffs Eric D. Harper and Erin M. Harper were caused solely by the defects in the subject reloadable mortar and the conduct of the Defendants and without any negligence on the part of Plaintiffs.

50.     Defendants are vicariously liable for the actions of their agents and/or employees who at all times relevant hereto, were acting in the course and scope of their employment or agency.

WHEREFORE, Plaintiffs Eric D. Harper and Erin M. Harper demand judgment in their favor and against all Defendants for compensatory damages in excess of the jurisdictional limit for arbitration, together will interest and costs.

## COUNT IV – LOSS OF CONSORTIUM
## ERIN M. HARPER v. ALL DEFENDANTS

51.     Plaintiffs hereby incorporate the preceding paragraphs as if the same were fully set forth at length.

52.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Erin M. Harper has been deprived of the services, society, support, companionship, and consortium of her husband, Plaintiff Eric D. Harper.

WHEREFORE, Plaintiffs Eric D. Harper and Erin M. Harper demand judgment in their favor and against all Defendants for compensatory damages in excess of the jurisdictional limit for arbitration, together will interest and costs.

**V.     INJURIES AND DAMAGES**

53.     Plaintiffs incorporate herein by reference the averments in the preceding paragraphs of the Complaint as though fully set forth herein at length.

54.     As a direct and proximate result of the conduct of Defendants and the defective and unreasonably dangerous design and/or manufacture of the reloadable mortar, Plaintiff, Eric

D. Harper suffered serious, permanent, and extensive injuries, including but not limited to: left globe rupture requiring sclera, cornea, and conjunctiva repair, left eye blindness, painful hypotensive left eye requiring evisceration, and Post Traumatic Stress Disorder.

55. As a direct and proximate result of the conduct of Defendants and the defective and unreasonably dangerous design and/or manufacture of the reloadable mortar, Plaintiff, Eric D. Harper has endured substantial physical and emotional pain and suffering and will be subject to said pain and suffering for an indefinite time into the future.

56. As a result of the aforementioned incident and Plaintiff's resulting injuries, Plaintiff has incurred and will incur into the future substantial expenses for medical care, treatment, and therapy.

57. As a result of the aforementioned incident and Plaintiff's resulting injuries, Plaintiff has incurred and will in the future incur a loss of earnings and earning capacity.

58. As a result of the aforesaid incident and Plaintiff's resulting injuries, Plaintiff has incurred and will incur in the future a loss and diminution of ordinary pleasures of life, and has in the past and will in the future continue to be hindered from attending to his daily duties, functions, and occupations all to his great detriment and loss.

WHEREFORE, Plaintiffs Eric D. Harper and Erin M. Harper demand judgment in their favor and against all Defendants for compensatory damages in excess of the jurisdictional limit for arbitration, together with interest and costs.

FELDMAN SHEPHERD WOHLGELERNTER
TANNER WEINSTOCK & DODIG, LLP

*/s/ Bethany R. Nikitenko*

JOHN M. DODIG, ESQUIRE  51092
BETHANY R. NIKITENKO, ESQUIRE   206374
ATTORNEYS FOR PLAINTIFFS

Date:  April 27, 2020