**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIC D HARPER and ERIN M HARPER, h/w,<br>          Plaintiffs,<br><br>     v.<br><br>SKY KING FIREWORKS, INC., SKY KING FIREWORKS GROUP, INC., SKY KING UNLIMITED, INC., SKY KING FIREWORKS OF TIOGA LLC, and 3D PYRO,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO.  20-2031 |

**MEMORANDUM**

**Joyner, J.**                                          **July  16, 2020**

Presently before this Court is Defendants, Sky King

Fireworks, Inc, Sky King Fireworks Group, Inc., Sky King

Unlimited, Inc. and Sky King Fireworks of Tioga, LLC, Motion to

Transfer Venue Under 28 U.S.C. § 1404.  For the reasons that

follow, the Motion shall be granted.

## Factual Background

Plaintiffs, Eric D. Harper and Erin M. Harper, initiated

this claim by filing a Complaint against Sky King Fireworks,

Inc., Sky King Fireworks Group, Inc., Sky King Unlimited, Inc.,

and Sky King Fireworks of Tioga, LLC (collectively,

"Defendants") on April 27, 2020.  The Complaint alleges that

Plaintiff Eric D. Harper was seriously injured as a result of

using an alleged defective reloadable mortar that he purchased

1

from Defendants on or about August 13, 2017 at their store in

Tioga, Pennsylvania.  (Pls. Civil Action Complaint, Doc. No. 1

¶¶14, 22-23.)

Plaintiffs allege that on or about May 20, 2018, due to a

defective design and/or manufacture, the mortar's tube became

separated from its base while Mr. Harper was using it.  (Id.

¶¶18-19, 23.)  As a result, an artillery shell that Mr. Harper

had loaded into the mortar was projected at him and struck him

in his left eye.  (Id. ¶22.)  As a result of the incident,

Plaintiffs allege that Mr. Harper suffered serious and extensive

injuries.  (Id. ¶54.)

Plaintiffs are both residents of Sodus, New York, (id. ¶1),

and Mr. Harper's injury occurred in Sodus, New York.  (Id. ¶18.)

All Defendants are corporations incorporated in states other

than Pennsylvania, and except for Sky King Fireworks of Tioga,

have principal places of business outside Pennsylvania.  (Id.

¶¶2-5.)  Sky King Fireworks of Tioga, though incorporated in

Florida, has a principal place of business in Tioga,

Pennsylvania.  (Id. ¶5.)

Plaintiffs allege four counts against all Defendants: (1)

products liability, (2) negligence, (3) breach of warranty, and

(4) loss of consortium.  (Id. ¶¶24-52.)  On May 27, 2020,

seeking for the Court to transfer this action from the Eastern

District of Pennsylvania to the Middle District of Pennsylvania,

2

Defendants filed the instant Motion to Transfer Venue under 28

U.S.C. § 1404(a).  (Defs. Sky King Fireworks, Inc, Sky King

Fireworks Group, Inc., Sky King Unlimited, Inc. and Sky King

Fireworks of Tioga, LLC, Motion to Transfer Venue Under 28

U.S.C. § 1404, Doc. No. 7.)

## Analysis

### Jurisdiction

Subject-matter jurisdiction in this Court is proper under

28 U.S.C. § 1332(a), as there is complete diversity of

citizenship and the amount in controversy exceeds $75,000.

(Doc. No. 1 ¶¶1-5, 11.)  See also Horton v. Liberty Mut. Ins.

Co., 367 U.S. 348, 353 (U.S. 1961).

We may exercise personal jurisdiction over Defendants

because Defendants are corporations that operate locations

within this District.  28 U.S.C. § 1391(c).  See also Fuentes v.

AMC Entertainment Holdings, Inc., 2010 WL 1375555 at *2 (E.D.

Pa. Apr. 5, 2010).

### Challenge to Venue Under 28 U.S.C. § 1404(a)

The question under 28 U.S.C. § 1404(a) is whether the venue

that Defendants seek is an appropriate one.  Cameli v. WNEP-16

The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001).  §

1404(a) states that:

> For the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any
> civil action to any other district or division where

> it might have been brought or to any district or
> division to which all parties have consented.

28 U.S.C § 1404(a).  Analysis of a transfer request requires a
two-step inquiry: first, the Court must determine that
Defendants' proposed venue is proper, and, second, the Court
must determine if the interests of justice would be better
served by a transfer to the alternative forum.  See Jumara v.
State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  While
there is no definitive list of factors, the Third Circuit has
set forth both private and public interests for Courts to
consider.  See id.  The private interests that a Court should
consider include:

> [1] plaintiff's forum preference . . . ; [2] the
> defendant's preference; [3] whether the claim arose
> elsewhere; [4] the convenience of the parties . . . ; [5]
> the convenience of the witnesses . . . ; and [6] the
> location of books and records . . . .

Id. (citations omitted).  The public interests include:

> [1] the enforceability of the judgment; [2] practical
> considerations that could make the trial easy, expeditious,
> or inexpensive; [3] . . . court congestion; [4] the local
> interest in deciding local controversies at home; [5] the
> public policies of the fora; and [6] the familiarity of the
> trial judge with the applicable state law in diversity
> cases.

Id. at 879-80 (citations omitted).

Importantly, the burden of establishing the need for
transfer falls on the movant.  Shutte v. Armco Steel Corp., 431
F.2d 22, 25 (3d Cir. 1970); Fuentes, 2010 WL 1375555 at *4;

4

<u>Sturm v. Consol. Rail Corp.</u>, 1990 WL 131898 at *2 (E.D. Pa. Sept. 5, 1990).  Defendants must present evidence upon which the Court can rely in justifying a transfer.  <u>Gunther v. Dependable Auto Shippers, Inc.</u>, 2013 WL 247285, at *2 (E.D. Pa. Jan. 23, 2013).

## I.   Venue in the Proposed District

It is undisputed that venue is proper in the Eastern District of Pennsylvania.  (Doc. No. 1 ¶12; Pls. Plaintiffs' Memorandum of Law in Opposition to the Motion of Defs., Doc. No. 10 at 5.)  Additionally, Plaintiffs do not dispute that this case "might have been brought" in the Middle District of Pennsylvania, where Defendants transact business and the mortar was sold to Mr. Harper.  (Doc. No. 10.)  Rather, our analysis focuses on whether the convenience of the parties and witnesses and the interests of justice would be served by transferring this case to the Middle District of Pennsylvania.  The Court addresses the relevant <u>Jumara</u> factors in turn.

## II.  Balancing the Interests of Justice

### A.   Private Interests

#### 1.   Plaintiff's Forum Preference

As a general rule, a plaintiff's choice of forum is a "paramount consideration" that is given significant weight and "should not be lightly disturbed."  <u>Shutte</u>, 431 F.2d at 25. However, when a plaintiff files suit outside of the plaintiff's

home forum, the plaintiff's choice is less significant.

Hamilton v. Nochimson, 2009 WL 2195138, at *3 (E.D. Pa. July 21,

2009) (citations omitted); Lindley v. Caterpillar, Inc., 93 F.

Supp. 2d 615, 617 (E.D. Pa. 2000); Sturm, 1990 WL 131898 at *2.

Additionally, when none of the operative facts occurred in the

selected forum, the plaintiff's choice is entitled to even less

deference.  Lindley, 93 F. Supp. 2d at 617.  However, unless the

defendant meets his burden of showing that the balance of

convenience favors transfer, the plaintiff's choice of forum

prevails.  See Shutte, 431 F.2d at 25.

Plaintiffs argue that they chose this District for its

"overall convenience and ease of access to New York and

Florida," where many trial witnesses reside, and they assert

they would face greater litigation costs should the case be

transferred.  (Id. at 8-9.)  However, Plaintiffs do not live in

this District, and none of the operative facts giving rise to

the claim occurred here.  (Doc. No. 7 at 5.  See also Doc. No. 1

¶1.)  Additionally, the mortar was sold in the Middle District

of Pennsylvania, (Doc. No. 1 ¶14), the accident and subsequent

injury occurred in New York, (id. ¶¶18-23), and the design and

manufacture of the alleged defective mortar occurred in

jurisdictions outside of Pennsylvania.  (Doc. No. 10 at 1.)

Accordingly, here, this factor weighs against transfer but is

entitled to significantly less deference than that which is

usually given.   See Hamilton, 2009 WL 2195138, at *3; Lindley,

93 F. Supp. 2d at 617; Sturm, 1990 WL 131898 at *2.

    2.    Defendant's Forum Preference

Defendant's forum choice is "entitled to considerably less

weight than [p]laintiff's, as the purpose of a venue transfer is

not to shift inconvenience from one party to another."

Hamilton, 2009 WL 2195138, at *3 (quoting EVCO Tech. and Dev.

Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730

(E.D. Pa. 2003)).   However, in this matter, Defendants have

selected a forum that is physically closer to Plaintiffs'

residence in New York.   See id.   In line with Hamilton, this

factor weighs in favor of transfer.   Id.   See also Coppola v.

Ferrellgas, 250 F.R.D. 195, 198 (E.D. Pa. 2008).

    3.    Whether the Claim Arose Elsewhere

When the majority of operative facts and events "giving

rise to plaintiff's claims take place in another forum, that

weighs heavily in favor of transfer."   Courtois v. TMG Health,

Inc., 2018 WL 2688314, at *2 (E.D. Pa. June 5, 2018) (citations

omitted).   Moreover, Courts are more inclined to transfer an

action if events giving rise to the action occurred in the

proposed district.   Ramsey v. Devereux Found., 2016 WL 3959075,

at *5 (E.D. Pa. July 22, 2016).   In a products liability action,

the location of a single event giving rise to the action is not

dispositive.   See Rehmeyer v. Peake Plastics Corp., 2017 WL

7

2079887, at *4 (E.D. Pa. May 15, 2017).  However, where none of

the operative facts or events giving rise to the claims occurred

in the chosen district, this factor favors transfer.  Id.

All of the events giving rise to this instant action

occurred in locations outside of the Eastern District.  (Doc. No

10 at 1, 4-5.)  The alleged defective mortar was designed and

manufactured in China, (id. at 1), it was sold in the Middle

District of Pennsylvania, and it was used and allegedly caused

injury in New York.  (Id. at 4-5.)  This District has no

connection to the particular facts or events giving rise to this

action, whereas at least one event giving rise to this action

took place in the Middle District.  Thus, as in Rehmeyer, this

factor favors transfer.

### 4.    Convenience of the Parties

The importance of the parties' convenience depends on the

parties' physical and financial condition.  Jumara, 55 F.3d at

879.  This factor turns on the inconvenience each party would

endure by having to litigate in its non-preferred forum and the

financial resources it would expend to do so.  See Gunther, 2013

WL 247285, at *4.  The convenience of counsel does not weigh in

the Court's analysis.  See, e.g., Shirley v. First Comp Ins.,

2010 WL 2079752 at *3 (E.D. Pa. May 19, 2010); Coppola, 250

F.R.D. at 199.  The convenience of the parties is less

significant of a factor where the two fora are adjacent

districts.  Gunther, 2013 WL 247285, at *4.  See also Jumara, 55

F.3d at 882.

While Plaintiffs argue that transfer to the Middle District

of Pennsylvania would greatly increase litigation costs,

Plaintiffs would travel approximately 146 miles less to litigate

in the Middle District than if they were to litigate in the

Eastern District.  (Defs. Reply Brief in Further Support of

Defs. Sky King Fireworks, Inc, Sky King Fireworks Group, Inc.,

Sky King Unlimited, Inc. and Sky King Fireworks of Tioga, LLC,

Motion to Transfer Venue Under 28 U.S.C § 1404, Doc. No. 11 at

3.)  Plaintiffs do not appear to have any connection to this

District other than the presence of their attorney, (Doc. No. 7

at 4), which does not weigh in the Court's analysis.  See, e.g.,

Shirley, 2010 WL 2079752 at *3; Coppola, 250 F.R.D. at 199.

Further, none of the parties reside in the Eastern District

of Pennsylvania.  (Doc. No. 1 ¶¶1-5.)  All Defendants are

incorporated outside of Pennsylvania, and one defendant, Sky

King Fireworks of Tioga, has its principal place of business in

the Middle District.  (Id. ¶¶2-5.)  Additionally, the officers

and directors of the Defendant corporations, including Sky King

Fireworks of Tioga, reside in Florida and Ohio.  (Doc. No. 10 at

9.)  Thus, Defendants would need to travel regardless of which

forum is chosen for litigation.  The distance between the two

fora is not so burdensome as to make Defendants' inconvenience

in litigating here substantial.  See <u>Gunther</u>, 2013 WL 247285, at
*4.

While Defendants have not shown that litigating in the
Middle District would be substantially more convenient for
Defendants, the convenience of Plaintiffs does favor transfer.
Like in <u>Jumara</u>, the significance of this factor is lessened due
to the proximity of the fora.  See <u>Jumara</u>, 55 F.3d at 882.
Thus, the convenience of parties only slightly favors transfer.

### 5.   <u>Convenience of the Witnesses</u>

While the convenience of witnesses is an important factor
in evaluating a transfer motion, the Court should consider it
only to the extent that witnesses may be unavailable for trial
in one of the fora.  <u>Id.</u>  Further, the significance of this
factor is lessened where, as here, the two fora are adjacent
districts in the same state.  <u>Id.</u>; <u>Rehmeyer</u>, 2017 WL 2079887, at
*5.  For instance, in <u>Rehmeyer</u>, the Court found that because the
distance between the Middle and Eastern Districts was not great,
non-party witnesses residing in Middle District could easily
travel by road or passenger rail service to the Eastern
District.  <u>Rehmeyer</u>, 2017 WL 2079887, at *5.

Defendants have asserted that at least one witness will be
called from the Tioga store and would be inconvenienced by the
additional 100 miles of travel to this District.  (Doc. No. 7 at
4-5.)  However, the majority of witnesses who will speak to the

design and manufacture of the mortar - the issue in dispute -

are likely not from the Tioga store and will be traveling from

out-of-state to testify.  (Doc. No. 10 at 11.)  Further, neither

party asserts that witnesses would be unwilling or unable to

attend trial in either of the fora.  Thus, this factor does not

weigh in our analysis.  See Shirley, 2010 WL 2079752 at *3;

Jumara, 55 F.3d at 882.

### 6.    Location of Books and Records

The location of books and records is only relevant to the

Court's analysis to the extent that the files could not be

produced in the alternative forum.  Jumara, 55 F.3d at 879.

Further, where the distance between the plaintiff's chosen forum

and the defendant's proposed forum is not great, the location of

books and records does not weigh heavily in the Court's

analysis.  See Gunther, 2013 WL 247285, at *5.

Defendants argue that transferring this action to the

Middle District of Pennsylvania will provide easier access to

evidence.  (Doc. No. 7 at 4.)  However, neither party asserts

that files could not be produced in either forum.  Thus, the

location of books and records does not weigh in the Court's

analysis.  See Jumara, 55 F.3d at 879.

For the aforementioned reasons, this Court finds that, on

the whole, the private factors favor transferring this matter to

the Middle District of Pennsylvania.

11

**B.   Public Interests**

When the two potential fora are adjacent districts of the
same state, the public interest factors are less significant in
the Court's transfer analysis.  Id. at 882-83.  As such, factors
such as enforceability of the judgment, court congestion, public
policies of the fora, and judicial familiarity with state law do
not favor or disfavor transfer in those instances.  See
Courtois, 2018 WL 2688314, at *3.  Thus, they are given no
weight in our analysis.  See id.

Regarding practical considerations of litigating, the
distance between the selected and proposed Districts is not so
great as to make a significant difference in litigation costs.
Both parties argue that litigating in their non-preferred forum
will be more expensive and burdensome.  (Doc. No. 7 at *5; Doc.
No. 10 at 8.)  However, the likelihood that parties, documents,
and witnesses will have to be transported into both of the
adjacent districts from out-of-state regardless of the chosen
forum means that practical considerations that would make the
trial easy, expeditious, or inexpensive do not favor either
forum.  See Jumara, 55 F.3d at 882.

Typically, when a substantial portion of the events giving
rise to the action occurred in the chosen forum, that Court
favors adjudicating as a matter of local interest.  Gunther,
2013 WL 247285, at *5.  Additionally, the burden of jury duty

12

should not be placed on citizens who do not possess an interest

in or connection to the matter being litigated.  Coppola, 250

F.R.D. at 201.  However, local interest is less significant

where both fora are adjacent in the same state.  See Jumara, 55

F.3d at 882-83.

In this matter, none of the events giving rise to this

action occurred in the chosen forum.  (Doc. No. 10 at 1, 4-5.)

Plaintiffs contend that Defendants operate two stores within the

Eastern District and market their products, including those

manufactured by 3D Pyro, who manufactured the alleged defective

product, throughout Pennsylvania.  (Doc. No. 1 ¶¶6, 9.)

However, the Middle District likely has a stronger interest in

this matter, as the alleged defective mortar giving rise to this

action was sold there.  (Doc. No. 1 ¶14.)  Additionally, jury

service is more fairly placed on residents of the Middle

District who maintain an interest in resolving disputes that

arise from the sale of alleged defective products within their

district.  See Coppola, 250 F.R.D. at 201.  As such, though this

factor is less significant to this Court's analysis due to the

fora being adjacent in the same state, it favors transfer.  See

Jumara, 55 F.3d at 882-83.  Taking all of the public interest

factors into consideration, they slightly favor transfer.

After considering the factors discussed above, we find that

three of the private factors weigh in favor of transferring the

case to the Middle District of Pennsylvania, one of the factors weighs slightly against transfer, and two of the factors do not weigh in our analysis.  Additionally, the public interest factors slightly favor transfer.  Because Plaintiff's choice of forum in this case is entitled to significantly less deference, we find that Defendants have met their burden of overcoming that deference and establishing that transfer is justified.  See Sturm, 1990 WL 131898 at *2.

## Conclusion

For the reasons discussed above, we find that Defendants have met their required burden of establishing that transfer to the Middle District of Pennsylvania is appropriate.  Therefore, we grant Defendants' Motion to Transfer.  An appropriate Order follows.

14